IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **PLANNED FURNITURE** | : | |
| **PROMOTIONS, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | 5:03CV20 (DF) |
| | : | |
| **BENJAMIN S. YOUNGBLOOD, INC.,** | : | |
| **d/b/a HONEY CREEK HOME** | : | |
| **FURNISHINGS; BENJAMIN S.** | : | |
| **YOUNGBLOOD; LAURA** | : | |
| **YOUNGBLOOD; CITIZENS BANK OF** | : | |
| **FORT VALLEY, GEORGIA; UNITED** | : | |
| **STATES INTERNAL REVENUE** | : | |
| **SERVICE; STATE OF GEORGIA** | : | |
| **DEPARTMENT OF REVENUE,** | : | |
| | : | |
| **Defendants.** | : | |

**O R D E R**

Currently before the Court is Plaintiff Planned Furniture Promotions, Inc.'s ("PFP") Motion for Entry of Final Judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (tab 66).  For the reasons that follow, PFP's motion is **GRANTED.**

Rule 54(b) provides, in pertinent part, that "when multiple parties are involved [in an action], the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. Pro. 54(b) (West 2005).  Thus, the Rule establishes two requisites—"express determination" and "express direction"—which must be satisfied before an entry of final judgment is

appropriate under Rule 54.  See **Foret v. McDermott**, 484 F.2d 992, 993 (5th Cir. 1973).[1]

On April 25, 2005, the Court entered an Order addressing the motion for summary judgment filed by PFP (tab 49) and the motion for summary judgment filed by Defendant United States of America, on behalf of the Internal Revenue Service ("IRS")(tab 55).  The Court denied the government's motion, finding that the IRS was not entitled to judgment as a matter of law on its disgorgement claim against Defendant Citizens Bank of Fort Valley, Georgia.[2]  The Court granted in part and denied in part PFP's motion, finding that PFP was entitled to retain $49,354.80 of the sale proceeds; a figure not disputed by any party to the lawsuit.  The Court further found that PFP was entitled to judgment as a matter of law with respect to the counterclaims asserted by Laura Youngblood, John and Susan Beddingfield as assignees of Citizens Bank, and Benjamin Scott Youngblood.  While the Court stated that it "denied in part" PFP's motion, it did so only to the extent that PFP, in its motion for summary judgment, argued that the IRS was entitled to first priority status with respect to any excess proceeds remaining after PFP's claim was satisfied.  The Court found that the IRS was not entitled to such status as a matter of law and therefore wanted to be clear that it was not endorsing that portion of PFP's motion.  Aside from that minor caveat, which in the Court's view had no bearing on the substance of PFP's motion given

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the Former Fifth Circuit prior to October 1, 1981.  See **Bonner v. City of Prichard**, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

[2] Though tempted, the Court declined to grant summary judgment in favor of Citizens Bank on the IRS's disgorgement claim, in the absence of a formal motion filed by the Bank.  It has, however, been recognized that district courts may enter summary judgment *sua sponte* as long as the parties have had a sufficient opportunity to present their evidence.  See **Celotex Corp. v. Catrett**, 477 U.S. 317, 326 (1986); see also **Flood v. Young Woman's Christian Ass'n**, 398 F.3d 1261, 1267 (11th Cir. 2005).

the disposition of the IRS's claim, the April 25 Order disposed of all claims involving PFP.

Having considered the instant motion in light of the April 25 Order, the Court determines that there is no just reason for delaying the entry of final judgment with respect to PFP.  Accordingly, the Clerk of Court is directed to enter final judgment in PFP's favor as set forth below:

1. PFP may retain $49,354.80 of the net sale proceeds free and clear of the interests of any other defendants in this case.

2. PFP is directed to deposit all remaining net proceeds into the Registry of the Court.

3. All claims against PFP are dismissed with prejudice; defendants' claims exist only to the extent that they attach to the interpleaded funds as set forth in the April 25 Order.

4. PFP is dismissed from this action with prejudice as soon as the remaining proceeds are deposited with the Court.

PFP's motion for entry of final judgment is hereby **GRANTED.**


SO ORDERED, this 29th day of April, 2005.


/s/ **Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT


DF/sew