**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **PLANNED FURNITURE** | : | |
| **PROMOTIONS, INC.,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 5:03-cv-20 |
| | : | |
| **BENJAMIN S. YOUNGBLOOD, INC., et al.,** | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER

The procedural history of this case in federal court is complex, spanning more than

four years and encompassing numerous parties, their lawyers and two judges.  Without

attempting to recount the entire sequence, the Court will at least summarize the most recent

developments before it renders its verdict.

On August 4, 2005, John Phillip Bedingfield and Susan Bedingfield ("the

Bedingfields") filed a Motion for Summary Judgment (Doc. 80).  That Motion sought relief

in two forms: (1) the Bedingfields argued they were entitled to a judgment and order

disbursing to them certain funds held in the Registry of the Court, and (2) the Bedingfields

argued they were entitled to a judgment on their cross-claim against Benjamin S.

Youngblood ("Youngblood").  Judge Duross Fitzpatrick, then the presiding judge in this

case, entered an Order (Doc. 82) in which he granted the Motion as to the disbursement of

funds. However, that Order failed to address the Bedingfields' cross-claim against Youngblood. This oversight was noted by the United States Court of Appeals for the Eleventh Circuit, which entered an opinion (Doc. 88) on July 14, 2006, dismissing the appeal for lack of jurisdiction because "[t]he district court's February 8, 2006, order . . . did not dispose of all of the claims of all of the parties to this action."

After the Eleventh Circuit filed its opinion, the case was reopened in the Court, and the Bedingfields' counsel filed a letter (Doc. 89) in which they argued the portion of their previous Motion for Summary Judgment that dealt with the Bedingfields' cross-claim against Youngblood was ripe for decision. Attached to and in support of the letter was a Supplemental Affidavit from John Phillip Bedingfield. Before Judge Fitzpatrick could address the remaining issue, however, the case was transferred to the undersigned. The Bedingfields' counsel then filed another, similar letter (Doc. 93).

As a result, currently pending before the Court in this interpleader action is the Motion for Summary Judgment (Doc. 80) as it pertains to the Bedingfields' cross-claim against Youngblood.[1] The Court has read and considered the argument and the evidence originally presented in that Motion by the Bedingfields. Youngblood has failed to respond to the Motion. The Court finds the Bedingfields have carried their burden and Youngblood has failed to refute that burden. The Motion for Summary Judgment, as it relates to the

---

[1] Although the Motion was originally terminated by the Clerk of Court's office when it was believed Judge Fitzpatrick's previous order had resolved all of the issues contained in the Motion, the Clerk of Court's office has now reopened the Motion.

Bedingfields' cross-claim against Youngblood, is hereby granted.

The entry of this Order granting the remaining claim in the Bedingfields' Motion for Summary Judgment thus disposes of the case's last existing claim, and the Clerk of Court's office shall terminate the Motion for Summary Judgment (Doc. 80). In addition, this Order is a final decision that ends the litigation in this case on the merits. Therefore, the Clerk is directed to enter judgment for the Bedingfields. Finally, the Bedingfields shall recover of Youngblood the sum of $278,751.15 principal, $139,280.24 pre-judgment interest, and future interest on the principal sum from July 3, 2007, at the contract rate of 16% per annum or $122.19 per diem.[2]

**SO ORDERED**, this 3rd day of July, 2007.

*s/   Hugh Lawson*
**HUGH LAWSON, JUDGE**

pdl

---

[2] The Court is satisfied that the contract rate of 16% per annum is appropriate in this case, despite the fact that § 1961 of Title 28 provides a uniform rate of post-judgment interest accrues on civil money judgments awarded in federal district court. In reaching this conclusion, the Court recognizes that parties may override the statutory interest rate set forth in § 1961. See, e.g., BP Products N. Am., Inc. v. Youssef, 296 F.Supp.2d 1351, 1354-55 (M.D. Fla. 2004); Horizon Holdings, L.L.C. v. Genmar Holdings, Inc., 244 F.Supp.2d 1250, 1272-75 (D. Kan. 2003). Furthermore, the Court finds the Bedingfields gave Youngblood sufficient notice that it was seeking post-judgment interest at the contract rate—in both the Bedingfields' brief in support of their Motion for Summary Judgment and in the affidavit of John Phillip Bedingfield attached to that Motion, the Bedingfields clearly asserted that they sought post-judgment interest at the contract rate.